**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>   Plaintiff,<br><br>   v.<br><br>J.D. LOZANO, et. al.,<br><br>   Defendants. | No. 2:20-CV-1286-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2).

The Prison Litigation Reform Act's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

///

1

1          Thus, when a prisoner plaintiff has had three or more prior actions dismissed for
2   one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in
3   forma pauperis unless the imminent danger exception applies.  Dismissals for failure to exhaust
4   available administrative remedies generally do not count as "strikes" unless the failure to exhaust
5   is clear on the face of the complaint.  See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).
6   Dismissed habeas petitions do not count as "strikes" under § 1915(g).  See Andrews v. King, 398
7   F.3d 1113, 1122 (9th Cir. 2005).  Where, however, a dismissed habeas action was merely a
8   disguised civil rights action, the district court may conclude that it counts as a "strike."  See id. at
9   n.12.
10         In this case, plaintiff has had at least three prior actions dismissed as frivolous
11  and/or for failure to state a claim.  Three such cases which were filed in other districts include:
12  (1) Stephen v.IRS, No. 07cv2112 LAB (BLM); (2) Stephen v. Hernandez, No. 06cv0171
13  L(WMc); and (3) Stephen v. Shelar, No. 06cv1054 LAB (WMc).  In this district, plaintiff was
14  determined to have three or more strikes in Stephen v. Zhang, No. 2:12-cv-630-GGH-P (E.D. Cal.
15  Apr. 19, 2012).  The Southern District reached the same conclusion in Stephen v. Hernandez, No.
16  08cv0750 BEN (BLM), 2008 WL 2540708 *2 (S.D. Cal. June 20, 2008).   A review of plaintiff's
17  complaint in the current action, which raises an Eighth Amendment conditions-of-confinement
18  claim arising from allegedly excessive heat in the prison dorms, does not reflect any allegations
19  of imminent danger of serious physical injury. See ECF No. 1.
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Based on the foregoing, the undersigned recommends that:

    1.    Plaintiff's motion for in forma pauperis status (ECF No. 2) be denied; and

    2.    Plaintiff be required to pay the filing fees in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE